**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK BETANCOURT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 26-0687 (BAH) |

**JOINT STATUS REPORT**

Plaintiff, Mark Betancourt ("Plaintiff") and Defendant U.S. Department of Health and Human Services ("HHS" or "Defendant"), by and through undersigned counsel, respectfully submit the following Joint Status Report pursuant to the Court's August 14, 2026, Minute Order.

Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to a FOIA request submitted to Defendant on August 29, 2025. The FOIA request seeks records related to pregnant unaccompanied children in immigration custody. *See* Compl., ECF No. 1 at 3-5.

On August 14, 2026, the Court issued the following Minute Order:

> [U]pon consideration of the parties' [13] Joint Status Report, summarizing the current status of defendant's processing of records responsive to plaintiff's FOIA request for information about the U.S. Department of Health and Human Services, Office of Refugee Resettlement's provision of medical care to unaccompanied minors, which has been pending for over one year with not a single document yet produced to plaintiff, who reiterates his desire for "a prompt resolution of this lawsuit," *id.* at 3, and considering the steps defendant has taken to date, DIRECTING the parties to meet and confer regarding defendant's narrowing proposals by September 11, 2026; and FURTHER DIRECTING parties to file, by September 14, 2026, a joint status report advising the Court of the status of this matter, including (1) proposals made by each party to narrow searches that were agreed to or rejected by opposing counsel, along with the reasons for the rejection; and (2) for each of the thirteen "components" of the FOIA request, identifying the status of searches, processing and productions.

The Parties subsequently met and conferred on August 18 and September 10, 2026, to discuss the requests, ways to narrow them, and priorities in terms of the order of production. They plan to further meet and confer over the next month as much as necessary to attempt to resolve all the issues described below and propose filing their next status report on or before October 16, 2026. Consistent with the August 14, 2026 Minute Order, each component of Plaintiff's FOIA request is listed below followed by the status of the Parties' discussions.

1. **All records created or held by the Unaccompanied Alien Children (UAC) Office of the Ombuds that include the words "pregnant," "pregnancy," "pregnancies," "abortion," "abortions," "Field Guidance 21," "FG 21," "Hyde" or "Garza" that were generated between January 1, 2025 and the time this request is fulfilled.**

**Defendant's Report:** A search yielded 2.3 gigabytes of PST files, and an additional 1.6 gigabytes of other items, for a combined total of 3.9 gigabytes. This amount is very large. A rough estimate of 1 gigabyte is 100,000 pages, depending on the type of file.

**Defendant's Proposed Narrowing:** Use narrower search terms or connectors, such as *(Hyde OR Garza OR "Field Guidance 21" OR "FG 21") AND (pregnant OR abortion*)* and narrow the search to specific facilities.

**Plaintiff's Response:** Plaintiff did not agree to narrow by the proposed search terms because the documents that are the subject of this request would not necessarily have terms from both of the government's identified sets. Further, the search parameters are already particularized to the issue of pregnant unaccompanied minors. "Hyde" refers to the Hyde Amendment, a legislative provision that prohibits the use of federal funds on abortion care. "Garza" refers to *Garza v. Azar*, a 2017 federal lawsuit regarding a pregnant unaccompanied minor's ability to receive abortion care. "Field Guidance 21" and "FG21" refer to a document issued by the Office of Refugee Resettlement (ORR) in 2021 regarding reproductive health care for pregnant unaccompanied minors.

Plaintiff also did not agree to narrow by specific facilities because Plaintiff's request is intended to capture all records related to pregnant unaccompanied minors for the stated time period.

Plaintiff is surprised by the very large volume of results and asked that Defendant investigate the reason(s) for it so that the Parties could find more acceptable avenues for narrowing the results. To that end, on September 10 and 11, 2026, Plaintiff asked Defendant the following questions:

- Can the returned files first be deduplicated to ensure that duplication is not the issue?
- Is it possible to sort the returned files by size to identify what the largest files are and to get a sense of why they are so large?
- Can a list of the types of files, and the frequency of each type, be generated? That is, can you determine what types of document (e.g., emails, Word documents, spreadsheets, etc.) make up the bulk of the returned records? Along with the previous bullet, this may reveal whether the size is being inflated by a small number of very large files (e.g., images or videos).
- Is it possible that there are large spreadsheets that are regularly circulated that are contributing to the large file size?
- Are former employees' mailboxes stored as single PST files, and if so, is it possible that the searches are returning a custodian's entire mailbox if the custodian had any communications containing the search terms?
- As to components 1, 5, and 8, it is possible that the search is picking up at least some documents that refer to individuals named Garza or Hyde that are irrelevant to this FOIA request. Can the FOIA officer or other agency staff assess whether they expect this to be a significant portion of the results?

**Status:** Since Plaintiff did not agree to the narrowing proposal, Defendant will run the approximately 3.9 gigabytes of data through de-duping and de-threading software to get an updated page count. Defendants believe that this process can be completed no later than mid-October, if not sooner. Once that number is returned, analytics (such as document type and word

hit list) can be provided to Plaintiff. Depending on the size, Defendant will suggest potentially narrowing, or a production schedule.

Further, Defendant is currently considering Plaintiff's questions and will respond to them at the time that the de-duping and de-threading process is complete.

2. **All instructions, orders or directives to leadership at the Office of Refugee Resettlement (ORR), issued between January 1, 2025 and the time this request is fulfilled, regarding the transfer or placement of pregnant children in ORR custody, including new intakes, and all responses to those instructions from ORR staff. Please include any attached documents.**

**Status:** Defendant reports that the search returned an Excel spreadsheet that is approximately 330 pages long and nine PDFs that total 31 pages. These pages are ready to process and the non-exempt portion will be produced on or before October 15, 2026.

3. **All communications between ORR and contracted providers that include the words "pregnant," "pregnancy," "pregnancies," "abortion," or "abortions," between January 1, 2025 and the time this request is fulfilled. Please include all replies related to the messages that include keywords, whether or not each individual reply contains the keywords. Please include any attached documents.**

**Defendant's Proposed Narrowing:** Defendant requested that the search use narrower search terms, such as *(Hyde OR Garza OR "Field Guidance 21" OR "FG 21") AND (pregnant OR abortion*)* and that it be narrowed to communications with particular providers, facilities/programs, provider email domains, employees, or a smaller subset of providers.

**Plaintiff's Response:** Plaintiff did not agree to narrow by search terms for the reasons stated above in response to component 1. Plaintiff proposed that the search be narrowed to the email inboxes of ORR Project Officers.

**Status:** As part of the parties' conferral, and in order to assess potential narrowing options, Defendant initiated a search based on Plaintiff's proposal above regarding ORR Project Officers and expects to have results in mid-October.

4. **All communications between ORR and the Department of Homeland Security, including Immigration and Customs Enforcement and Customs and Border Protection, that include the words "pregnant," "pregnancy," or "pregnancies," between January 1, 2025 and the time this request is fulfilled. Please include all replies related to the messages that include keywords, whether or not each individual reply contains the keywords. Please include any attached documents.**

**Status:** Defendant reports that its search returned a 1,350-page spreadsheet that details communications between ORR and Department of Homeland Security. Defendant is following up with ORR to ensure that spreadsheet is the only responsive record. Plaintiff requests further clarification as to the contents of this spreadsheet and whether it would be duplicative of actual written communications. Defendant is considering Plaintiff's request and will respond to Plaintiff by September 25, 2026.

5. **All communications, in any form (email, text, etc) to or from Toby Biswas—who is at the time of this request Assistant Deputy Director for Policy at ORR—that include the words "pregnant," "pregnancy," "pregnancies," "abortion," "abortions," "Field Guidance 21," "FG 21," "Hyde" or "Garza" sent between January 1, 2025 and the time this request is fulfilled. Please include all replies related to the messages that include keywords, whether or not each individual reply contains the keywords. Please include any attached documents.**

**Defendant's Proposed Narrowing:** Defendant reported that this search yielded approximately 6 gigabytes of files. It proposed that Plaintiff narrow the date range for the communications and use narrower search terms, such as *(Hyde OR Garza OR "Field Guidance 21" OR "FG 21") AND (pregnant OR abortion*)*.

**Plaintiff's Response:** Plaintiff did not agree to narrowing the date range because Plaintiff's request intended to capture all responsive communications during the current Presidential Administration. Plaintiff also did not agree to narrow by search terms for the reasons described in response to component 1. Plaintiff is surprised by the very large volume of results. As with component 1, Plaintiff proposed investigating the reason(s) for the large file size to find more acceptable avenues for narrowing. Plaintiff requests that Defendant respond to Plaintiff's questions

regarding the file size by September 18, 2026, and that the Parties meet and confer to determine an appropriate way to move forward with a production in response to this request.

**Status:** Defendant is confirming with the custodian whether or not he used any other forms of communication for these matters, including text messages.

Since plaintiff did not agree to the narrowing proposal, Defendant will run the approximately 6 gigabytes of data through de-duping and de-threading software to get an updated page count. Defendants believe that this process can be completed no later than mid-October, if not sooner. Once that number is returned, analytics (such as document type and word hit list) can be provided to Plaintiff. Depending on the size, Defendant will suggest potentially narrowing, or a production schedule. Further, Defendant is currently considering Plaintiff's questions addressed in component 1 above and will respond to them at the time that the de-duping and de-threading process is complete.

6. **All personal notes or informal documents (other than communications) created by Toby Biswas—who is at the time of this request Assistant Deputy Director for Policy at ORR—related to pregnant children in ORR custody or new intakes of pregnant children into ORR custody (including, for example, associated subjects like the Garza case and settlement agreement or Field Guidance 21), between January 1, 2025 and the time this request is fulfilled.**

**Status:** Defendant initiated a search and expects to have results in mid-October. It is following up with the program office to ensure that all records are captured.

7. **All personal notes or informal documents (other than communications) created by Toby Biswas—who is at the time of this request Assistant Deputy Director for Policy at ORR—that include the words "abortion" or "abortions," between January 1, 2025 and the time this request is fulfilled.**

**Status:** Defendant initiated a search and expects to have results in mid-October. It is following up with the program office to ensure that all records are captured.

8. **All communications, in any form (email, text, etc), to or from Angie Salazar—who is at the time of this request the acting director of ORR—that include the**

> **words "pregnant," "pregnancy," "pregnancies," "abortion," "abortions," "Field Guidance 21," "FG 21," "Hyde" or "Garza" sent between January 1, 2025 and the time this request is fulfilled. Please include all replies related to the messages that include keywords, whether or not each individual reply contains the keywords. Please include any attached documents.**

**Defendant's Proposed Narrowing:** Defendant reported that this search for emails yielded approximately 3 gigabytes of files. It proposed that Plaintiff narrow the date range for the communications and use narrower search terms, such as *(Hyde OR Garza OR "Field Guidance 21" OR "FG 21") AND (pregnant OR abortion*)*.

**Plaintiff's Response:** Plaintiff did not agree to narrowing the date range because Plaintiff's request intended to capture all responsive communications during the current Presidential Administration. Plaintiff also did not agree to narrow by search terms for the reasons stated in response to component 1. Plaintiff is surprised by the very large volume of results. As with component 1, Plaintiff proposes investigating the reason(s) for the large file size to find more acceptable avenues for narrowing. Plaintiff requests that Defendant respond to Plaintiff's questions regarding the file size by September 18, 2026, and that the Parties meet and confer in an effort to determine an appropriate way to move forward with a production in response to this request.

**Status:** The FOIA Office is confirming with the custodian whether or not she used any other forms of communication for these matters, including text messages.

Since Plaintiff did not agree to the narrowing proposal, Defendant will run the approximately 3 gigabytes of data through de-duping and de-threading software to get an updated page count. Defendants believe that this process can be completed no later than mid-October, if not sooner. Once that number is returned, analytics (such as document type and word hit list) can be provided to Plaintiff. Depending on the size, Defendant will suggest potentially narrowing, or a production schedule. Further, Defendant is currently considering Plaintiff's questions addressed

in component 1 above and will respond to them at the time that the de-duping and de-threading process is complete.

**9. All personal notes or informal documents (other than communications) created by Angie Salazar—who is at the time of this request the acting director of ORR—related to pregnant children in ORR custody or new intakes of pregnant children into ORR custody (including, for example, associated subjects like the Garza case and settlement agreement or Field Guidance 21), including personal notes, between January 1, 2025 and the time this request is fulfilled.**

**Status:** Defendant initiated a search and expects to have results in mid-October. It is following up with the program office to ensure that all records are captured.

**10. All personal notes or informal documents (other than communications) created by Angie Salazar—who is at the time of this request the acting director of ORR—that include the words "abortion" or "abortions," between January 1, 2025 and the time this request is fulfilled.**

**Status:** The program office, ORR, conducted a search and returned no responsive records.

**11. All "notices of concern" related to hospitalization or death of children born in ORR custody or their mothers, OR to children born after their mothers left ORR custody but whose mothers who were in ORR custody during the pregnancy or their mothers, for the ten [10] years prior to the fulfillment of this request.**

**Status:** Defendant proposed narrowing the ten-year period to a shorter period. Plaintiff agreed to narrow the period to one beginning on January 20, 2021. Defendant is processing the request pursuant to the agreed time period and will have a page count by the end of September 2026, at which time Defendant will inform Plaintiff as to the expected production date.

**12. All stop placement, notice of concern or corrective action plan records related to ORR provider Urban Strategies' "Refugio" programs, or any other Urban Strategies program that serves unaccompanied children under a contract with ORR, within the state of Texas.**

**Status:** Defendant reports that the search returned 371 pages and will undergo processing on or before October 15.

**13. All formal reports related to pregnancy and/or delivery of children in ORR custody from January 20, 2017 to the time this request is fulfilled.**

**Status:** Defendant requested that Plaintiff clarify what he means by "formal reports" concerning pregnancy and/or delivery. Plaintiff clarified that a "formal report" can be defined here as any kind of report that has comprehensive information responding to a query or a directive from leadership inside or outside of ORR. Further, rather than immediately searching for such documents, Plaintiff requested that Defendant ask those familiar with this work whether any such reports exist. Further, Plaintiff offered to narrow the timeframe for such formal reports to January 20, 2021, forward.

Defendant reports that the search was completed before Plaintiff clarified the meaning of formal reports and offered to narrow the time period. That search returned three Excel spreadsheets. Two of the sheets contain 1 page each, and the third sheet contains 117,074 pages. Defendant will narrow to the timeframe that Plaintiff agreed to and will have an updated page count by the end of September. Plaintiff requests further clarification as to the contents of this spreadsheet, and whether it would be duplicative of actual written reports. Defendant will respond to Plaintiff's question on this by September 25, 2026.

* * *

**Order of Production.** Plaintiff requested that Defendant prioritize components 1, 11, 4, 3, and 2. The Parties are discussing prioritization.

Dated: September 11, 2026

*/s/ Todd A. Gluckman*
TODD A. GLUCKMAN, DC Bar 1004129
JACLYN A. DEITCH, DC Bar 90025322
Terris, Pravlik & Millian, LLP
1701 K Street, NW, Suite 500
Washington, DC 20006
(202) 682-2100
tgluckman@tpmlaw.com
jdeitch@tpmlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Samantha-Josephine Baker*
SAMANTHA JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2435

*Attorneys for the United States of America*